RECEIVED

IN THE UNITED STATES DISTRICT COURT 19 DEC 23 P 1: 31
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| YECHAN LEE, on behalf of himself and other similarly situated, | ) ) |
| | ) CIVIL ACTION: |
| Plaintiffs, | ) NO. 2:19-cv-1073 |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| HWASHIN AMERICA CORPORATION, and HYUN PARK, | ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, YECHAN LEE ("Plaintiff"), by and through his

counsel, Brian Kim, P.C., files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought pursuant to the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 207 and 216(b), to recover overtime wages owed to Plaintiff and all

similarly situated persons who are presently or were formerly employed by

HWASHIN AMERICA CORPORATION (hereinafter referred to as "Hwashin")

and HYUN PARK.

2.

This action challenges Defendants' misclassification of Plaintiff and similarly situated employees as exempt from the overtime provisions of the FLSA. Plaintiff brings this action on behalf of himself and similarly situated employees in the United States who worked for Hwashin but were not paid properly in accordance with the FLSA.

3.

During the three year period preceding the filing of this action and continuing to the present (the "Collective Action Period"), Plaintiff and similarly situated employees who opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) allege that they were paid in an unlawful manner and are entitled to recover overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## **PARTIES**

4.

Yechan Lee, the named Plaintiff in this action, ("Plaintiff") is an individual who resided in the Middle District of Alabama during all relevant times.

5.

Defendant Hwashin, according to Alabama Secretary of State, is a foreign corporation, and its principal address is 661 Montgomery Highway, Greenville, AL

36037. Hwashin's registered agent is Milton Park, and his address is 661

Montgomery Highway, Greenville, AL 36037. Both Hwashin and its agent reside

in the Middle District of Alabama.

6.

Defendant Hyun Park ("Park"), an individual, can be served by delivering a

copy of summons and complaint to him at 661 Montgomery Highway, Greenville,

AL 36037.

7.

Defendant Park is and was at all times relevant to this action, an "employer"

within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

Defendant Park controlled Plaintiff's work schedules and conditions of

employment.

9.

Defendant Park determines the rate and method of payment for Plaintiff.

10.

Defendant Park is subject to the requirements of the FLSA, 29 U.S.C. § 201,

*et seq.*

11.

HWASHIN's annual gross volume of sales or business is not less than $500,000.00.

12.

Defendant Hwashin is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

13.

Defendant Hwashin is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

14.

At all times relevant to this action, Defendant Hwashin oversaw and had the responsibility for maintaining employment records of Plaintiff.

15.

At all times relevant to this action, Defendant Park oversaw and had the responsibility for maintaining employment records of Plaintiff.

## **Jurisdiction**

16.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## Venue

17.

Venue is proper in the Middle District of Alabama in that Defendants Hwashin and/or Defendant Park is a resident Butler County, Alabama, which is within this judicial District.

## Facts

18.

Defendant Hwashin is an automobile chassis and body components manufacturer. According to its website, www.Hwashin-usa.com, Hwashin has been playing an important role in the Korean automobile components manufacturing industry by developing new technology based on its high quality products, services, and creative research is heading to the global market with its competitiveness through the state-of-the-art informatization system constructed with its young challenge spirit and outstanding technical skills.

19.

From October 23, 2018 to June 22, 2019, Plaintiff was employed by Hwashin.

20.

During relevant time hereto, Defendant Park was the president or the highest-ranked officer of Defendant Hwashin.

21.

Throughout Plaintiff's employment with Hwashin, Plaintiff was employed as a factory worker.

22.

Plaintiff's primary duties included work involving repetitive operations with his hands, physical skill and energy.

23.

Plaintiff's primary duties did not include works requiring exercise of discretion and judgment.

24.

Plaintiff never had an authority to hire or fire other employees.

25.

Plaintiff's suggestion or recommendation as to the hiring, firing, advancement, promotion or any other change of status of other employees never be given particular weight.

26.

Any knowledge Plaintiff was required to have in performing his primary is not customarily acquired by a prolonged course of specialized intellectual instruction.

27.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

28.

Throughout Plaintiff's employment with Hwashin, Plaintiff was a salaried employee,

29.

Plaintiff's regular salary was intended to compensate five (5) days of work in a work week.

30.

During the relevant time hereto, Plaintiff regularly worked more than forty (40) hours in a work week.

31.

Hwashin failed to provide Plaintiff with one and one-half times his regular rate of pay for his work in excess of forty hours in a work week.

32.

Hwashin often required Plaintiff work on weekends, and in such event, Defendants paid Plaintiff, in addition to his regular salary, $10.00 per hour, and labeled such compensation "Special Pay."

33.

Plaintiff's annual salary was $30,000, and his regular hourly rate was greater than $10.00.

34.

Defendants' "Special Pay" compensation scheme violates requirements of FLSA because Defendants failed to pay one and one-half times Plaintiff's regular rate.

## CLAIM FOR RELIEF

### Violation of FAIR LABOR STANDARD ACT (FLSA)

35.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

36.

Plaintiff was regularly compelled and scheduled to work more than forty hours in a work week.

37.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times his regular hourly rate of pay for their overtime work.

38.

Hwashin failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a work week.

39.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

40.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages for an amount to be determined at trial.

41.

Defendants, jointly and severally, owe the Plaintiff overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

42.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

## **Collective Action**

### 43.

This action is collectively brought pursuant to the FLSA, 29 U.S.C. §201 *et seq.* and specifically the collection action provision of the Act found at §216(b), for appropriate legal relief and to remedy violations of the wage provisions of the FLSA by Hwashin which has deprived the Plaintiff, as well as other similarly situated Hwashin's employees, of their lawful wages.

### 44.

This case is brought on behalf of only those current and former salaried employees who were requested to work on weekends and received "Special Pay" from Hwashin. The similarly situated employees are uniformly classified by Defendant as "Exempt" employees not entitled to overtime pay for hours worked over forty (40) in a work week. Plaintiff, and other similarly situated employees, typically worked greater than forty hours each week.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendants violated sections 216(b) of the FLSA;

3.  Judgment in favor of Plaintiff against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4.  Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorney fees;

5.  Judgment in favor of Plaintiff against Defendants, jointly and severally, for all taxable and non-taxable costs;

6.  Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

7.  Grant certification and permit Plaintiff to proceed to trial as a collective action; AND

8.  Such other, further and different relief as this Court deems appropriate.

This 14th day of December, 2019.

Brian Kim, PC

By: /s/

Brian G Kim
Alabama Bar No. 1288R67G

1815 Satellite Blvd. #403
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@briankimpc.com