IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| YECHAN LEE, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:19cv1073-MHT (WO) |
| HWASHIN AMERICA CORPORATION and HYUN PARK, | ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Yechan Lee brought this lawsuit, on behalf of himself and others similarly situated, against defendants Hwashin America Corporation and Hyun Park, an officer at Hwashin America. The case is currently before the court on Park's motion to dismiss for insufficient service of process. Although Lee has not met his burden in demonstrating proper service, the court will exercise its discretion to permit him additional time to perfect service.

Lee filed his complaint on December 23, 2019, naming Park as a defendant. On January 3, 2020, a summons and copy of the complaint arrived by certified mail at the Hwashin America facility in Greenville, Alabama--apparently in an effort to serve process on Park. *See* Memorandum of Law (doc. no. 9) at 1. The mail was received by Patricia Morgan, an employee at Hwashin America who submitted the return form but was not, Park asserts, "the proper person for service of process." *Id.* at 2. On January 24, Park filed a motion to dismiss or, in the alternative, to quash, alleging that Lee's service of process was "insufficient and therefore[] void." Motion to Dismiss (doc. no. 8). The court set the motion for submission, but Lee did not submit a brief in response.

"When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434,

2

435 (5th Cir. Jan. 1981).[*]  Here, Lee has failed to meet this burden.

Federal Rule of Civil Procedure 4 sets forth methods by which a person may be served.  In general, the rule authorizes service by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  *Id.* at 4(e)(2).  The rule also authorizes service by any method permitted under state law.  *Id.* at 4(e)(1).  As relevant here, Alabama law allows service by 'certified mail' to an authorized agent in certain contexts.  *See* Ala. R. Civ. P. 4(c)(1)

---

   [*] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(allowing delivery to "an agent authorized by appointment or by law to receive service of process"); *id.* at 4(i)(2)(C) (discussing process for service by certified mail).

Under both federal and state rules, however, service by certified mail is imperfect if a copy of the summons is left with an *unauthorized* individual at the individual's place of employment. *See* Fed. R. Civ. P. 4(e)(2) (setting forth the ways to serve an individual in the United States, including "delivering a copy of each to an *agent authorized by appointment or by law* to receive service of process" (emphasis added)); Ala. R. Civ. P. 4(i)(2)(C) ("Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery *to the named addressee or the addressee's agent* as evidenced by signature on the return receipt." (emphasis added)). To demonstrate completed service by certified mail, therefore, Lee must show that the recipient of the summons was, at

4

minimum, an "agent" authorized to receive it.  *See id.*; *Aetna Bus. Credit, Inc.*, 635 F.2d at 435 (noting that the burden to demonstrate validity is on the serving party).  Here, Lee did not satisfy this burden: Park has denied that Patricia Morgan, who received and signed for the certified mail, was authorized to do so, and Lee did not submit any response to Park's motion.

Still, the court recognizes that Park made his motion only one month after the filing of the complaint.  Had the court acted on this motion at the time it was filed, it would have denied the motion without prejudice as premature, as it was filed while Lee had time to perfect service.  *See* Fed. R. Civ. P. 4(m) (establishing the 90-day limit for service); *cf. McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) ("Indeed, until that [service time limit] has expired, any attempt to seek dismissal on the grounds of defective service clearly would be premature.").  But Lee did not raise this argument at the time and, in the

5

intervening months, the time limit for service has expired.

Federal Rule of Civil Procedure 4(m) establishes a 90-day limit for service of process, after which the court must typically dismiss the action: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Lee has made no showing of good cause. But even without such a showing, an extension of time is permissible: "Absent a showing of good cause, the district court has the discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

6

Here, Park's motion should have been denied as premature because it was filed while Lee could still have perfected service. The court will thus exercise its discretion to permit a limited extension of time for perfecting service or for otherwise establishing its validity. *See generally Phifer v. Hyundai Power Transformers USA*, 2020 WL 3441225, at *2 (M.D. Ala. June 23, 2020) (Thompson, J.) (exercising discretion to extend time for service in a similar context).

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion to dismiss by defendant Hyun Park (doc. no. 8) is denied without prejudice and with leave to renew after 35 days.

(2) Plaintiff Yechan Lee has 28 days from the issuance of this order to serve defendant Park properly.

DONE, this the 14th day of July, 2020.

        /s/ Myron H. Thompson
       UNITED STATES DISTRICT JUDGE